IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   **CRIMINAL NO. 93-00163-WS** |
| | ) |
| **LYMAN COLUMBUS MAY, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 188).  In his Motion, defendant Lyman Columbus May, Jr., seeks to avail himself of Amendment 706 to the United States Sentencing Guidelines, which lowered by two levels the base offense level for many crack cocaine offenses.  The United States Sentencing Commission has deemed this amendment to apply retroactively, with an effective date of March 3, 2008.  *See* U.S.S.G. § 1B1.10(c); Amendments 712 and 713.

In a Memorandum concerning May's § 3582(c)(2) Motion, the United States Probation Office determined that he is eligible for consideration for a reduction in sentence pursuant to Amendment 706.  The Court agrees; however, that finding does not end the inquiry.[1]  Rather, it is well established that a defendant has no absolute right to § 3582(c)(2) relief, inasmuch as "a § 3582(c)(2) sentence modification is discretionary."  *United States v. Speights*, --- F. Supp.2d ----,

---

[1] The Eleventh Circuit has mandated that district courts make two distinct determinations before deciding whether to grant a § 3582(c)(2) motion.  "First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. ... Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence."  *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).  Assuming the continuing vitality of this two-step test under the current iteration of § 1B1.10 in a post-*Booker* world, the Court addresses the first prong of the *Vautier* test by finding that, if May were to receive the benefit of Amendment 706, his total offense level would fall from 40 to 38 which, when combined with a criminal history category of I, would yield an amended guidelines range of 235 to 293 months.  If the Court were to impose a low-end sentence, as Judge Vollmer did initially, the resulting modified sentence would be 235 months. The remainder of this Order addresses whether that modification, some lesser modification, or no modification at all is appropriate in light of the factors prescribed in § 1B1.10 and § 3553(a).

2008 WL 2487389, *2 (S.D. Ala. June 23, 2008).[2]  A court should not grant a § 3582(c)(2) modification for every eligible defendant as a matter of course, but instead must consider the factors set forth in 18 U.S.C. § 3553(a) to assess whether a reduction is warranted and, if so, to what extent.  *See* 18 U.S.C. § 3582(c)(2) (authorizing court to reduce sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable"); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a).").  Further, the Application Notes to U.S.S.G. § 1B1.10 instruct that, in addition to the § 3553(a) factors, courts contemplating whether to reduce a term of imprisonment as a result of an amended guideline range "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  § 1B1.10, at Application Note 1(B)(ii)-(iii).

Upon review of May's prison disciplinary record as summarized in the Probation Office's report dated February 28, 2008 (doc. 91), the undersigned entered an Order (doc. 193) identifying its concern that factors of public safety and post-sentencing conduct may impact May's § 3582(c)(2) Motion and directing the parties to submit written memoranda on that issue.  The Court specifically instructed the parties that their memoranda must be "supported by facts, exhibits, and legal authority as appropriate."  Counsel was appointed for May to assist him in that endeavor.  The parties have now submitted their respective briefs, and the § 3582(c)(2) Motion is ripe for disposition.

By any metric, May's post-sentencing conduct has been egregious.  His latest Progress Report from the Bureau of Prisons is dated March 14, 2008 and reflects a pattern of misconduct during his years of incarceration.  Although his record is rife with relatively minor violations

---

[2]  *See also United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) ("Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant ...."); *Vautier*, 144 F.3d at 760 ("Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary."); *United States v. Denmark*, 534 F. Supp.2d 1245, 1247 (N.D. Fla. 2008) (in context of § 3582 motion under Amendment 706, "[a]ny reduction is discretionary").

such as exchanging money for contraband, refusing to obey orders, testing positive for intoxication via homemade intoxicants, being insolent to staff members, stealing, and the like, three more serious incidents are of particular concern.  First, in October 1995, May was found to have incited a large-scale, institution-wide riot at FCI Allenwood, based on evidence that he "actively participated and planned involvement in the riot situation," that he "was running around the Unit, involved in damaging property, and insighting [sic] other inmates to participate in the riot," and that he "encouraged and planned for others to riot."  Second, in March 1997 May was found to have threatened to assault a staff member.  No further details of this incident have been provided.  Third, a search of the cell in which May was housed alone in April 2001 revealed 20 wrapped packets of cocaine powder in a folded pair of institution pants bearing May's name, as well as a concealed box cutter blade that could readily have been fashioned into a weapon.  Taken in the aggregate, these incidents suggest that May has continued on a path of violence, drug involvement and lawlessness even after being convicted and sentenced in this case.  Such occurrences are deeply troubling, particularly in light of this Court's responsibility to consider the danger to the community and its discretion to consider post-sentencing conduct in assessing whether a § 3582(c)(2) reduction is appropriate.

      The legal impact of May's prison record on his § 3582(c)(2) motion is potentially quite significant.  Indeed, other courts have exercised their discretion to deny sentence modifications in whole or in part based on more moderate prison disciplinary records than May's.  *See, e.g., United States v. Fisher*, 2008 WL 2704841, *2 (S.D. Miss. July 7, 2008) (denying § 3582(c)(2) motion based on prison disciplinary record of smoking marijuana, being absent from his work assignment, and leaving work without permission); *United States v. Reynolds*, 2008 WL 2367254, *4 (S.D.W.Va. June 9, 2008) (denying § 3582(c)(2) motion based on defendant's laundry list of disciplinary incidents, including threats of violence and insubordination, while in prison); *United States v. Stevenson*, 2008 WL 1840758, *1 (S.D. Ohio Apr. 22, 2008) (denying § 3582(c)(2) motion based, in part, on two post-sentencing disciplinary violations that resulted in loss of defendant's visiting privileges, commissary privileges, and job); *United States v. Miller*, 2008 WL 782566, *4 (E.D. Tenn. Mar. 21, 2008) (reducing the extent of relief granted to defendant under § 3582(c)(2) based on post-sentencing conduct consisting of one incident of possessing intoxicants and one incident of using drugs).

In response, May's argument is threefold.  First, he urges the Court to consider that he had no prior criminal history prior to his conviction in this case.  While May correctly characterizes the facts concerning his criminal record, and while that factor is properly considered under § 3553(a), his post-sentencing conduct of being involved with drugs and weapons, disobeying prison officials, inciting fellow inmates to riot, and threatening physical harm strongly suggests that the offense conduct of which he was convicted in this case was not isolated, aberrational behavior on his part; rather, he continued such unacceptable behavior after being sent to prison.  That May might have been a law-abiding citizen prior to his 1993 conviction in no way diminishes, mitigates or excuses his pattern of unlawful behavior thereafter.  Second, May points out that his most serious disciplinary offenses (inciting a riot, possession of drugs, possession of a weapon) are not of recent vintage, but rather date back a number of years.  Again, that is true.  Had May's infractions been less execrable or had the infractions themselves been isolated occurrences, the passage of time might well attenuate their weight for purposes of exercising the Court's discretion and applying the considerations of U.S.S.G. § 1B1.10.  But the severity and frequency of May's misconduct persuades the Court that the mere fact that certain of those events occurred early in his term of incarceration does not blunt their deleterious impact on May's request for § 3582(c)(2) relief.  Besides, not all of May's infractions are ancient history, as his Progress Report reflects that as recently as 2006 he admitted exchanging money for contraband.  Taken in context, this more recent behavior reflects that May continues to be unwilling to abide by prison rules.  Third, May asks the Court to consider his positive achievements in prison, as evidenced by the various certificates appended to his memorandum.  These certificates demonstrate that May has successfully completed coursework in creative writing, a 40-hour drug education program, various audio programs on relationships and life strategies, and the like.  Such efforts are commendable; however, they are far from extraordinary, and they are greatly overshadowed by May's negative conduct during his period of incarceration.

Additionally, May requests an evidentiary hearing because he "desire[s] to speak to some of the post-sentencing conduct issues."  (Doc. 199, at 4.)  As a preliminary matter, hearings are not typically required or granted with respect to § 3582(c)(2) motions.  *See, e.g., United States v. Rincon*, 2006 WL 3690664, *1 (11th Cir. Dec. 14, 2006) (rejecting as meritless argument that

district court must hold a hearing before ruling on § 3582(c)(2) motion); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("[A] judge need not hold a hearing when considering a § 3582(c) motion."); *United States v. Johnson*, --- F. Supp.2d ----, 2008 WL 2260052, *7 (W.D. Va. June 3, 2008) (same).  More importantly, a central purpose of the focused briefing ordered by this Court was to furnish defendant an opportunity to present in writing his evidence on these issues.  The Order directing the parties to submit briefs specifically referenced that those filings should be "supported by facts [and] exhibits," and allowed a 30-day period for them to marshal and submit whatever evidence they wished.  If May wanted to contest the veracity of his Progress Report, that briefing order afforded him an avenue for doing so.  Yet he submitted no facts and no evidence tending to show that he did not commit the infractions of concern.  He will not be granted an evidentiary hearing on the strength of his mere conclusory say-so that he disagrees with the outcome of the prison disciplinary proceedings.[3]  Absent any indication that there are materially disputed facts concerning May's post-sentencing conduct that turn on credibility determinations, an evidentiary hearing would be unnecessary and unhelpful to the Court's review of May's § 3582(c)(2) motion.  Besides, all of these disciplinary offenses are substantially corroborated in the Progress Report.  Two prison official eyewitnesses testified to May's participation in planning and inciting the riot, both several days prior to the event and during the riot itself.  The cocaine was found in a pair of May's pants in a cell occupied only by him.  May admitted to finding and keeping the razor blade.  More recently, May has admitted to exchanging money for contraband, has admitted to being insolent to prison staff, and the like.  May neither refutes nor offers any meaningful factual basis for challenging any of the above, other than his bare statement that he "desire[s] to speak" to some of those issues.  The briefing schedule afforded him a full and fair opportunity to be heard and to present evidence.  Therefore, May's request for evidentiary hearing is **denied**.

In sum, the Court has carefully considered all of the § 3553(a) factors and the argument

---

[3]     *See generally Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (in § 2255 context, reaffirming principle that a petitioner is not entitled to evidentiary hearing when his claims are mere conclusory allegations unsupported by specifics); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is *not* entitled to an evidentiary hearing ... when his claims are merely conclusory allegations unsupported by specifics ....").

and evidence submitted by the parties. The Court has also specifically considered the nature and seriousness of any danger to the community, and May's post-sentencing conduct, pursuant to § 1B1.10. Since March 3, 2008, when Amendment 706 became retroactive, this Court has had occasion to review dozens of crack cocaine defendants' prison disciplinary histories in connection with their § 3582(c)(2) motions for modification of sentence. May's disciplinary record is among the worst, if not the worst, of any that the Court has reviewed. Given his pattern of disregarding authority and his continued involvement with drugs and violence in serving his prison sentence, the Court finds that May poses a danger to the community and has displayed post-sentencing conduct that weighs heavily against exercising discretion in favor of granting any § 3582(c)(2) relief. The Court has considered the evidence and argument offered by May, including his clean record prior to his 1993 conviction in this case, his certificates received in prison for educational achievement, and the fact that the timing of his most severe infractions was early in his prison sentence. Nonetheless, the Court finds that the nature and seriousness of the danger to the community, as well as May's post-sentencing conduct, outweigh all other § 3553(a) considerations in the specific circumstances of this case.

For these reasons, May's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 188) is **denied**.[4]

**DONE** and **ORDERED** this 17th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4] The Court appointed counsel, Paul Bradley Murray, Esq., to represent May in connection with his § 3582(c)(2) Motion, and particularly for purposes of marshaling evidence and preparing for any hearing that may be necessary. That Motion having now been ruled on, and there being no circumstances that might warrant continued involvement of counsel, the appointment of Murray to represent May is **terminated**.